**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

KANG JIE JIANG,

Petitioner,

v. No. 1:26-cv-00467-DHU-GJF

WARDEN, Torrance County Detention Center; MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security; TODD BLANCHE, U.S. Attorney General; ACTING DIRECTOR, U.S. Immigration and Customs Enforcement; and MARY DE ANDA-YBARRA, Director, El Paso Field Office, Enforcement and Removal Operations,

Respondents.

**ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS AS MOOT**

THIS MATTER is before the Court on Petitioner Kang Jie Jiang's Petition for a Writ of Habeas Corpus ("Petition"). *See* Doc. 1. For the reasons set forth below, the Petition is **DISMISSED AS MOOT**.

## I. BACKGROUND

Petitioner Kang Jie Jiang ("Petitioner") is a native and citizen of China. *See* Doc. 1 at 8. On May 8, 2025, Petitioner was detained by immigration officials. *Id.* at 3. On February 18, 2026, Petitioner filed the instant Petition, challenging his immigration detention as unlawful. *See* Doc. 1. He asks the Court to order Respondents to release him from custody. *Id.* at 6-7.

On June 26, 2026, Respondents filed a Motion to Dismiss the Petition ("Motion"). *See* Doc. 12. In the Motion, Respondents notify the Court that, on June 23, 2026, Petitioner was removed from the United States pursuant to his final Order of Removal. *Id.* at 1-2. Respondents

argue that, due to Petitioner's removal, Petitioner's challenge to his detention is moot. *Id*. They ask the Court to dismiss this case for lack of jurisdiction. *Id.*

**II.**
**LEGAL STANDARDS**

District courts have the authority to grant a writ of habeas corpus when a petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687–88 (2001)).

Article III of the United States Constitution forms "the basis for our mootness doctrine." *Shields Law Grp., LLC v. Stueve Siegel Hanson LLP*, 95 F.4th 1251, 1280 (10th Cir. 2024). Article III limits the jurisdiction of federal courts to "actual, ongoing cases or controversies." *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990). District courts do not have jurisdiction where no actual or live controversy exists. *Habecker v. Town of Estes Park*, 518 F.3d 1217, 1223 (10th Cir. 2008) (("Without a live, concrete controversy, we lack jurisdiction to consider claims no matter how meritorious.") (internal quotation marks and citation omitted)). Accordingly, when an action "no longer present[s] a case or controversy," the action becomes moot. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998).

A habeas petition presents a live controversy if "some concrete and continuing injury" remains. *Id.* In the context of immigration, "[f]or a habeas petition to continue to present a live controversy after the petitioner's release or deportation . . . there must be some remaining 'collateral consequence' that may be redressed by success on the petition." *Abdala v. INS*, 488 F.3d 1061, 1064 (9th Cir. 2007); *see also Riley v. INS*, 310 F.3d 1253, 1257 (10th Cir. 2002) ("We will not dismiss a petition as moot if . . . collateral injuries survive after resolution of the primary

injury" (internal quotation marks and citation omitted)). "[W]here the grounds for habeas relief will not redress collateral consequences, a habeas petition does not continue to present a live controversy once the petitioner is released from custody." *Abdala*, 488 F.3d at 1064.

## III.
## BRIEF DISCUSSION

In his Habeas Petition, Petitioner challenges his immigration detention and requests his release from immigration custody. *See* Doc. 1. As Petitioner was removed from the United States on June 23, 2026, he is no longer detained and in immigration custody. The "successful resolution of [his] pending claims could no longer provide the requested relief." *See Abdala*, 488 F.3d at 1065. Accordingly, there is no actual injury or collateral consequence that can be redressed by a successful ruling on the Petition. The Court, therefore, finds that no case or controversy exists and that Petitioner's claims have become moot. *See Ferry v. Gonzales*, 457 F.3d 1117, 1132 (10th Cir. 2006) ("[Petitioner's] challenge to the legality of his detention . . . is moot. [His] administrative removal order has been executed, and thus, [he] is no longer in the custody of the DHS to benefit from a bond determination or release.").

## IV.
## CONCLUSION

**IT IS HEREBY ORDERED** that Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **DISMISSED AS MOOT**. The Clerk's Office may close this civil habeas case.

**IT IS SO ORDERED.**

HONORABLE DAVID HERRERA URIAS
UNITED STATES DISTRICT JUDGE